**Herbie WAY and Sandy Way,
Plaintiffs-Appellees,**

v.

**RELIANCE INSURANCE COMPANY,
Defendant-Appellant.**

No. 86–4219.

United States Court of Appeals,
Fifth Circuit.

May 1, 1987.

Murphy J. Foster, III, Baton Rouge, La., for defendant-appellant.

David A. Hughes, Alexandria, La., for plaintiffs-appellees.

Before WISDOM, JOHNSON, and GARWOOD, Circuit Judges.

PER CURIAM:

The plaintiffs alleged in their complaint that the defendant had breached a contractual obligation to them. After the defendant answered, the parties agreed to arbitrate the damages if the defendant were found liable. Following a bench trial, the district court entered a judgment finding the defendant liable but granting no damages in the light of the parties' agreement to arbitrate.

Before arbitrating, the defendant appealed the judgment. Neither party argued the issue of appealability in the briefs submitted to this Court before oral argument. This Court raised the issue and requested supplemental briefs.

In their supplemental briefs, both parties argue that the judgment is appealable at this time. They contend that since the district court decided the only issue before it (the liability of the defendant), the judgment is final and, therefore, appealable. We feel compelled to disagree. We hold that we do not have jurisdiction to hear the appeal at this time and, accordingly, dismiss the appeal.

Whether or not parties question the jurisdiction of this Court, this Court may—indeed, must—question its own jurisdiction.[1] The jurisdiction of courts of appeals is limited to that granted by statute. Under 28 U.S.C. § 1291, this Court has "jurisdiction of appeals from all final decisions of the district courts ... except where review may be had in the Supreme Court". Under the familiar two-prong test, a decision is final when it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' "[2]

This suit has never been cast as one for injunctive relief or declaratory judgment. It is simply a damage suit for breach of contract. In these circumstances, the par-

---

1. *Koke v. Phillips Petroleum Co.,* 730 F.2d 211, 214 (5th Cir.1984); *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1374 (5th Cir. 1980).

2. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).

ties' post-suit mutual intention to resolve the damages issue by arbitration is, for finality purposes, no different from their announced intention to settle that issue by agreement. In either instance, the lawsuit is not concluded until it is dismissed, or a judgment is entered awarding an amount of damages or decreeing that plaintiffs take nothing. Without such an ending, the merits of the litigation remain in controversy. Here, in effect, the district court granted "a partial summary judgment limited to the issue of petitioner's liability. Such judgments are by their terms interlocutory, see Fed Rule Civ Proc 56(c), and where assessment of damages ... remain[s] to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291...."[3] The first prong of the finality test, therefore, is not met.

The parties wish to resolve the question of liability by appeal before going to arbitration. The appellant argued, "The parties to this litigation considered it prudent that before the time and money was expended on arbitrating, there should first be a conclusive determination as to whether or not there existed liability." Their position is not unreasonable.

We, however, sit to settle only controversies fully developed below.[4] We must conserve scarce judicial resources for that purpose. When, because of the parties' own agreement, the choice is between conserving the resources required for arbitration and conserving the resources of this Court, the doctrine of finality requires that we choose the latter. Although we cannot speculate on the outcome of the arbitration, we recognize that the defendant may choose not to appeal the judgment if the award is *de minimus.*

We hold that the judgment in this case is not final for the purpose of appellate jurisdiction. Accordingly, the appeal is dismissed.

**3.** *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976).

**4.** Narrow exceptions to the finality rule do exist. 9 J. Moore & B. Ward, Moore's Federal Practice

¶¶ 110.08—110.13[12] (2d ed. 1986). This case does not fall within any of the exceptions, and the parties do not argue that it does.