**Juanita KIRKLAND, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA,
et al., Defendants.**

**Civ. A. No. 92–0076 (GHR).**

United States District Court,
District of Columbia.

March 10, 1992.

**4**

Mark E. Nagle, Asst. U.S. Atty., Washington, D.C., for U.S.

Kenneth M. Robinson, Cooter & Gell, Washington, D.C., for plaintiffs.

### ORDER

REVERCOMB, District Judge.

Plaintiffs brought this action in the Superior Court for the District of Columbia against the District of Columbia, its mayor, its chief of police, Special Agent Dennis Rasmussen of the Federal Bureau of Investigation ("FBI"), and seven unknown named agents of the Joint Fugitive Apprehension Team, for various tortious acts allegedly committed in connection with the apprehension and death of Orlando M. Stinson. The complaint contains survival ac-

tions for negligent or reckless disregard for the life and safety of Orlando Stinson (Count I), and negligent training and supervision (Count II), as well as actions for intentional infliction of emotional distress on behalf of the three named plaintiffs (Counts III–V). On January 9, 1992, the Attorney General, through the United States Attorney for the District of Columbia, certified that Special Agent Rasmussen was acting within the scope of his employment as an employee of the United States at the time of the alleged incidents, and accordingly substituted the United States as defendant as required by 28 U.S.C. § 2679(d)(2). The United States then removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1446, and 2679(d)(2).

The United States has now moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(1), 12(b)(6). Plaintiffs have opposed, and the parties have filed additional briefs. Oral argument is unnecessary. Having reviewed the complaint, briefs, and attached documents, the Court will dismiss the complaint against the United States at this time, and remand the remainder of the case against the remaining defendants to D.C. Superior Court.

Plaintiffs' case must proceed against the United States under the Federal Tort Claims Act ("FTCA") for the allegedly tortious acts of Special Agent Rasmussen. *See* 28 U.S.C. §§ 2672, 2679(b)(1). Under the terms of that statute, a district court can exercise jurisdiction pursuant to the FTCA only *after* 1) the claimant has filed an administrative claim with the appropriate federal agency, and 2) the agency has had six months to review the claim. 28 U.S.C. § 2675. It is undisputed that plaintiffs only filed their administrative claim with the FBI on February 4, 1992. Because the statutory six month period has not elapsed, therefore, this Court does not have jurisdiction over their claims against the United States.

Plaintiffs' argument, that this Court has jurisdiction because Special Agent Ras-

mussen was concurrently under the direction of the District of Columbia, is unavailing. The remedy provided by the FTCA is exclusive in any action for personal injury or wrongful death "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). As the United States Attorney points out, plaintiffs do not contend that there was any period, in connection with the incidents alleged in the complaint, during which Special Agent Rasmussen was *not* within the scope of his federal employment, i.e. was exclusively under the direction of the District of Columbia. Thus, the preclusive effect of § 2679(b)(1) applies.

Dismissal of the complaint against the United States at this time leaves the District of Columbia defendants still in this action. Plaintiffs name the District of Columbia as a defendant in each of the counts of the complaint, and also name Mayor Dixon (now Mayor Kelly) and Chief Fulwood in Count II. None of these defendants has yet answered the complaint or moved to dismiss. Absent a federal question or diversity of citizenship, neither of which is asserted here with regard to these defendants, this Court lacks subject matter jurisdiction, and must remand the remaining case to D.C. Superior Court. *See* 28 U.S.C. § 1447(c).

Accordingly, defendant United States' Motion to Dismiss is GRANTED and the complaint is DISMISSED at this time against the United States. The claims against the remaining defendants are REMANDED to the Superior Court for the District of Columbia, with leave to refile pursuant to 28 U.S.C. § 2675(a) should such action be appropriate at a later date.