UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-7408
_____

GRACE FORD DILLON, Conservator of the
Person and Estate of Ronald S. Kelly,

Plaintiff-Appellant,

VERSUS

STATE OF MISSISSIPPI MILITARY DEPARTMENT,
ARMY NATIONAL GUARD AND/OR MISSISSIPPI
NATIONAL GUARD, ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

*************************************************************

CYNTHIA M. HOLLOWAY, Individually and as
Mother and Next Friend of the Minors
Christina Marie Byrd, Candice Lynn Byrd,

Plaintiff-Appellant,

VERSUS

STATE OF MISSISSIPPI MILITARY DEPARTMENT,
ARMY NATIONAL GUARD AND/OR MISSISSIPPI
NATIONAL GUARD, ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

(June 13, 1994)

Before JOHNSON, BARKSDALE and DeMOSS, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

The threshold issue is one of first impression: the scope of removal under the Westfall Act -- whether, when putative employees of the United States are not the only defendants, the action is removed, as opposed to only those claims against the United States. For this appeal from, *inter alia*, the dismissal of the United States as a defendant, but with other defendants remaining, we conclude that we lack appellate jurisdiction, because a final judgment was not entered. Therefore, we **DISMISS**.

I.

During a Mississippi National Guard training exercise in 1990, one Guard member was severely injured and another killed. As a result, two tort actions were filed in state court against several individuals (the superior officers during the exercise), the State of Mississippi Military Department Army National Guard, and the Mississippi National Guard.

Pursuant to 28 U.S.C. § 2679, the Attorney General of the United States certified that, at the time of the incident, the individual defendants were acting within the scope of their United States' employment.[1]  Accordingly, the actions were removed to

---

[1]    The Federal Tort Claims Act (FTCA), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act), 28 U.S.C. § 2679 (1988), provides for removal to federal court of actions for monetary damages against federal employees, upon certification by the Attorney General that the employee was acting within the scope of his employment when the cause of action arose.  In such cases, the United States is substituted for the employee.  Section 2679 provides in relevant part:

district court (and consolidated), and the United States substituted for the individuals. 28 U.S.C. § 2679(d)(2), quoted in note 1, *supra*. The individual defendants were dismissed.

The United States moved for dismissal, contending that the action was barred by **Feres v. United States**, 340 U.S. 135 (1950), *clarified by and reaffirmed in* **United States v. Johnson**, 481 U.S. 681 (1987) (precluding government liability for torts arising out of activities incident to military service). Plaintiffs did not respond to that motion, except with a remand motion. Remand was denied on May 25, 1993, **Dillon v. State**, 827 F.Supp. 1258 (S.D.

(b)(1) The remedy against the United States provided by [the FTCA] for ... personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim.... Any other civil action or proceeding for damages arising out of or relating to the same subject matter ... is precluded without regard to when the act or omission occurred.

. . .

(d)(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial to the [appropriate federal district court]. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States ... and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

- 3 -

Miss. 1993)[2]; the motion to dismiss was granted approximately two weeks later, on June 9.

Plaintiffs appealed these orders; but, the district court had neither adjudicated the claims against the state defendants, nor designated the June 9 dismissal a final judgment pursuant to Fed. R. Civ. P. 54(b) (when district court so designates, permitting entry of final judgment even though disposing of less than all claims); *see* **Kelly v. Lee's Old-Fashioned Hamburgers, Inc.**, 908 F.2d 1218, 1219-22 (5th Cir. 1990) (en banc) (standard for Rule 54(b) designation).

## II.

The United States asserts correctly that, because there was no final judgment, appellate jurisdiction is lacking. *See* Fed. R. Civ. P. 54(b)[3]; *e.g.*, **Thompson v. Betts**, 754 F.2d 1243, 1245 (5th

---

[2]    The remand motion was based on plaintiffs' assertion that, regardless of the Attorney General's scope-of-employment certification, the individual defendants were not federal employees, or, in the alternative, were not acting within the scope of their federal employment at the time of the incident. Because jurisdiction is wanting, we do not reach this issue (or the discovery issue concerning it). *See* this court's very recent opinion in **Garcia v. United States**, No. 92-8490, slip op. 4579 (5th Cir. June 10, 1994) (discussing conclusiveness of Attorney General's scope-of-employment certification).

[3]    Fed. R. Civ. P. 54(b) provides:

> **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other

Cir. 1985) (citing 28 U.S.C. § 1291) (absent Rule 54(b) designation, "a partial disposition of a multi-claim or multi-party action does not qualify as a final decision ... and is ordinarily an unappealable interlocutory order") (internal citations and quotations omitted), *cited in **Kelly***, 908 F.2d at 1220. Ordinarily, a judgment is not final for purposes of appeal unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." ***Way v. Reliance Ins. Co.***, 815 F.2d 1033 (5th Cir. 1987) (citing cases; internal quotation marks and citation omitted) (judgment finding defendant liable, but not awarding damages pending arbitration, was not a final order for purposes of § 1291).

Most surprisingly (read amazingly), plaintiffs did not file a reply brief in response to the government's jurisdictional point.[4] In their original brief, they asserted that "the United States of America removed this matter, *as to the individual named defendants only*". (Emphasis in original.) We infer from this, and from oral argument on this point, that plaintiffs' position is as follows:

> form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[4]    Needless to say, a reply brief responding to this contention should have been filed. This is a classic instance for when such a brief is called for -- to respond to a new point raised by an appellee. And, where, as here, the point concerns jurisdiction, the call for the reply is all the louder; the need, all the greater.

only the claims against the individual defendants (for whom the United States was substituted) were removed under the Westfall Act, with the state defendants remaining in state court; therefore, the order dismissing the United States was a final, appealable order, because it adjudicated all claims as to all parties before the district court.[5]

The scope of removal pursuant to § 2679(d)(2) appears to be an issue of first impression. But, the plain language of § 2679 quickly and easily disposes of the issue. The statute states that the "action or proceeding ... shall be removed". 28 U.S.C. § 2679(d)(2). It does not speak of claims or federally linked defendants; it speaks of the entire action.[6] (Perhaps there are no cases on the scope issue because it is a non-issue.)[7]

---

[5] Although the district court dismissed only the United States, the docket sheet states that the case has been "closed", despite a later motion to dismiss by the state defendants (apparently not ruled upon).

[6] *See **Kirkland v. District of Columbia***, 789 F.Supp. 3, 4 (D.D.C. 1992), a tort action against the District of Columbia, its mayor and police chief, and several FBI agents. The United States removed the action, pursuant to § 2679(d)(2), after certifying that one of the FBI agents had been acting within the course and scope of his employment. *Id.* at 4. Upon the United States' motion to dismiss being granted, and without discussing the scope of removal under § 2679(d)(2), the district court remanded "the remaining case" (the claims against the District of Columbia, mayor and police chief) to Superior Court. *Id.* at 5.

[7] That the Westfall Act removal was for the entire action, not merely for the claims for which the United States was substituted as a defendant, is reflected by the district court record. The Notice of Removal and Substitution refers to the removal of "[t]he above-captioned action". The removal order, similarly, refers to "the removal of this action" and provides that the "action is removed" to district court. After removal, the district court ordered that the United States be substituted as the "sole defendant" for the individual defendants. This order resulted in

Along that line, our court has held that removal under the general removal statute, 28 U.S.C. § 1441, and other similar statutes, removes the action. *E.g.*, **Arango v. Guzman Travel Advisors Corp.**, 621 F.2d 1371, 1376 (5th Cir. 1980) (§ 1441(d) removal is for entire action, "not merely those aspects involving discrete federal claims or parties"); *accord*, **Nolan v. Boeing Co.**, 919 F.2d 1058, 1065 & n.9 (5th Cir. 1990) (citing cases) (term "action", rather than "claims", used in removal statutes, *e.g.* 28 U.S.C. § 1441(a)(1), (d), 28 U.S.C. § 2679(d) (prior to Westfall Act amendment), indicates intent to exercise federal jurisdiction over "entire case", not merely portions of it), *cert. denied*, 499 U.S. 962 (1991).

In support of its holding, **Arango** discussed similar language in other removal provisions -- which have been similarly construed to require removal of the entire action. *See* **Arango**, 621 F.2d 1371, *passim* (citing and construing 28 U.S.C. § 1442(a)(1) (removal by federal officers); 28 U.S.C. § 1819(d) (removal by Federal Deposit Insurance Co.); and 28 U.S.C. § 2679(d) (prior to Westfall

---

the (apparently inadvertent) deletion, from the caption of the consolidated district court action, of all other defendants, including the state defendants. The United States moved to correct the style of the consolidated action, to reflect that the United States had been substituted only for the individual defendants, whereas the state defendants had not been dismissed. The motion was granted, without opposition.

Plaintiffs' assertion that only claims against the United States were removed did not surface until their response to the state defendants' motion to dismiss, filed after the United States had been dismissed. Nor did plaintiffs pursue their claims against the state defendants in state court, although they assert that those claims remained there.

Act amendment)); *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 437 (5th Cir. 1984) (construing 28 U.S.C. § 1441(a)(1) to mandate removal of "entire case"). For these other removal provisions, as with § 1441(d), "it is *the action* -- embracing all defendants -- that is to be transferred to federal court." *Arango*, 621 F.2d at 1375 (emphasis in original); *Nolan*, 919 F.2d at 1066 ("In federal practice, the terms `case' and `action' refer to the same thing, *i.e.*, the entirety of a civil proceeding....") (citing Fed. R. Civ. P. 2).[8]

The United States' motion to dismiss was made, and granted, only on its behalf; it is axiomatic that the state defendants remain. Because there has not been a final judgment, under Rule 54(b) or otherwise, we lack jurisdiction.

### III.

For the foregoing reasons, the appeal is

**DISMISSED.**

---

[8] Because the plain language of § 2679 disposes of the scope of removal question (quickly and easily), we need not look to other guideposts, such as legislative history, or the obvious judicial efficiency and economy preserved by removal of the entire action. *Arango*, 621 F.2d at 1375-76 & n.6, discusses those points for § 1441(d).