**MASSEY FERGUSON DIVISION OF VARITY CORPORATION and Steven Kiwicz, Plaintiffs–Appellants,**

v.

**George GURLEY and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America–UAW, Defendants–Appellees.**

No. 94–3465.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1995.

Decided March 30, 1995.

---

Charles C. Jackson (argued), Ronald J. Kramer, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, Kathleen Donius, Robert K. Sholl, Reinhart, Boerner, Vandeuren, Norris & Rieselbach, Milwaukee, WI, for plaintiffs-appellants.

Sandra K. Graf (argued), George F. Graf, Murphy, Gillick, Wicht & Prachthauser, Brookfield, WI, for defendants-appellees.

Before EASTERBROOK, RIPPLE, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

George Gurley was on medical leave from Massey Ferguson's tractor plant in Detroit when the plant closed in 1983. An agreement between Massey Ferguson and the United Auto Workers establishes a pension plan—the UAW/Massey–Ferguson Inc. Pension Agreement ("the Plan"). A disabled employee with 10 years of "credited service" qualifies for a pension. Gurley believes that he has the necessary years of service and is disabled; Massey Ferguson believes that Gurley is a malingerer who also lacks 10 years of service. So far the Plan itself has not decided whether Gurley is entitled to benefits. Nonetheless, the district court adjudicated a suit between Massey Ferguson and the Plan's administrator, on the one hand, and Gurley and the union, on the other, that was filed to determine Gurley's entitlement to a pension. This suit—to which the Plan is not a party—has come to a curious pause. The district court has held that Gurley accumulated 10 years of credited service but has not decided whether Gurley is disabled, or entitled to a pension. The court referred the disability issue to an arbitrator, apparently expecting to combine the arbitrator's answer to that question with its own answer to the credit question to yield a decision on pension eligibility. Massey Ferguson immediately appealed.

Jurisdictional perplexities have dogged this case from the outset. Gurley learned that his former employer does not think him qualified for a disability pension. But he has never applied to the Plan, a procedure laid out in detail in the Plan's governing documents. The application must be in writing; after the Plan's administrator makes a decision, a dissatisfied party may appeal to the Plan's Board of Administration. The Board has an equal number of representatives from the union and the employer. If the Board deadlocks, the dispute goes to an arbitrator, who does not decide whether the Board's decision is "correct"—for a deadlocked Board makes no decision—but instead makes an initial decision. The arbitrator's decision then is the Plan's final action, and any judicial review would proceed as if the Board itself had decided. But Gurney did not apply in writing, and the remainder of the apparatus has not been activated.

When the union made it clear that it supported Gurley's position, the employer filed this action seeking a declaratory judgment that Gurley is not entitled to a pension. Massey Ferguson relied on § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which authorizes a civil action

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

Massey Ferguson is the Plan's administrator and so is a "fiduciary" of the Plan, but it is not seeking to "enforce" any provision of ERISA or the Plan. Gurley, a would-be pensioner, isn't violating the Plan or ERISA, so there is nothing to "enforce" against him. See *Transamerica Occidental Life Insurance Co. v. DiGregorio*, 811 F.2d 1249 (9th Cir.1987); *Gulf Life Insurance Co. v. Arnold*, 809 F.2d 1520, 1523–24 (11th Cir.1987). Our opinion in *Winstead v. J.C. Penney Co.*, 933 F.2d 576, 580 (7th Cir.1991), holds that § 502(a)(3) may be used to coordinate related plans' conflicting or overlapping provisions. Yet only one plan is involved in this dispute—and it is not even a party. Recognizing this problem, Gurley sought a declaration that he is entitled to a disability pension, and

the district court wrote that this counterclaim "saves the day." Just how is not so clear. Section 502(a)(1)(B) permits a beneficiary to sue "to recover benefits due to him under the terms of his plan," but the Plan is not a party to this case. The deficiency in our own jurisdiction, on which more below, takes precedence and prevents us from finally determining the extent of the district court's jurisdiction.

Gurley is entitled to a disability pension if he has "incurred a total and permanent disability" and has "completed ten (10) or more years of credited service." Section 5.02(d)(1) of the Pension Agreement defines the extent to which time on leave counts as credited service:

> [I]n computing the hours for which an employee is to be credited … there shall be included … forty (40) hours for each complete calendar week for which he is receiving weekly workmen's compensation benefits prior to retirement while on approved leave of absence from work because of occupational injury or disease incurred in the course of his employment by the company.

When the Detroit plant closed, Gurley was receiving workers' compensation benefits and was on an approved medical leave. On the date the plant shut its doors, Gurley had 8.45 years of credited service. The district court held that he continued to accumulate credited service until his seniority was "broken" under the master collective bargaining agreement, an event that the district court thought took five years, because a laid-off employee with more than four years of seniority has recall rights for the next five years. Massey Ferguson says that this is incorrect because employer and union negotiated a plant-closing agreement that "broke" all employees' seniority immediately. Anyway, Massey Ferguson says, post-closure "creep" into pension eligibility is inconsistent with *Ooley v. Schwitzer Division of Household Manufacturing, Inc.*, 961 F.2d 1293 (7th Cir.1992), and *Fought v. Evans Products Co. Racine Pension Plan Agreement*, 966 F.2d 304 (7th Cir.1992). The district court distinguished these cases on the ground that the Massey Ferguson–UAW agreement has different language. But the district court did not address Massey Ferguson's further argument that Gurley could accumulate pension credits only "while on approved leave of absence from work". Leaves end when a plant closes, Massey Ferguson submits, making the date of a "break in seniority" irrelevant. How can one be "on approved leave of absence" from a nonexistent job in a shuttered plant? If Gurley had been hale and hearty, he would have ceased accumulating "credited service" in July 1983 when the plant shut down; it is hard to see why his leave status should make him better off.

With its conclusion that Gurley has 10 years of credited service, the district court had got half way through the dispute. The next issue: is Gurley disabled? Recall that the district court found subject-matter jurisdiction only because of Gurley's counterclaim. Gurley wants *a pension*, not a piece of paper declaring that his ex-employer misunderstands the service-credit provisions of the pension agreement. Yet the district court stopped in its tracks. It apparently expected the parties to arbitrate the disability question—it did not *order* them to arbitrate, however, and it is hard to see how the court could do so given that Gurley has yet to apply for a pension. The district court entered this judgment:

> IT IS ORDERED AND ADJUDGED plaintiffs' motion for summary judgment is denied, and defendants' motion for summary judgment is granted in part and denied in part, consistent with the decision and order of September 15, 1994.

This document does not comply with Fed. R.Civ.P. 58. It says that motions are being granted ("in part") but does not say who is entitled to what relief, an essential ingredient of a proper judgment. *Foremost Sales Promotions, Inc. v. Director, BATF*, 812 F.2d 1044 (7th Cir.1987); *Reytblatt v. Denton*, 812 F.2d 1042 (7th Cir.1987). A judgment must be self-contained, *Otis v. Chicago*, 29 F.3d 1159, 1163 (7th Cir.1994) (en banc); this one refers for essential terms to the opinion. Both sides sought a declaratory judgment; the district court did not enter one. See *Foremost Sales*, 812 F.2d at 1045; cf. *Azeez v. Fairman*, 795 F.2d 1296, 1297 (7th Cir.

1986). Gurley sought pension benefits; this document does not resolve that claim (and neither does the opinion). Not until *all* of the elements of a case have been wrapped up is there a final judgment; a live counterclaim prevents appeal. *Trzcinski v. American Casualty Co.*, 901 F.2d 1429 (7th Cir.1990); *In re Berke*, 837 F.2d 293 (7th Cir.1988).

■ Despite a district court's noncompliance with Rule 58, its decision may be "final" and hence appealable if the opinion shows that the court has completed all the actions it plans to take. See *Otis*, 29 F.3d at 1165–67. The opinion in this case, however, shows that the district court has resolved one issue in a larger controversy, final decision of which lies ahead. Once the Plan (through the arbitrator) has decided whether Gurley is disabled, the losing side will be entitled to the same sort of review that is possible after an ordinary decision by a pension plan. The district court will review the arbitrator's action and combine its decision on the disability issue with its decision on the credited-service issue, at last deciding whether Gurley gets a pension. *That* decision will be final and appealable under 28 U.S.C. § 1291. Resolution of a single issue in a larger dispute is immediately appealable, however, only if the district court so certifies under 28 U.S.C. § 1292(b) and we accept the appeal; neither event has occurred. See *Swint v. Chambers County Commission*, —— U.S. ——, ——, 115 S.Ct. 1203, 1210, 131 L.Ed.2d 60 (U.S. 1995).

■ A slightly different way to look at this leads to the same conclusion. Suppose this case were covered by the Federal Arbitration Act. Then appellate jurisdiction would be governed by 9 U.S.C. § 16, under which an order requiring the parties to arbitrate is appealable when a dispute about arbitrability is the only issue in the case, but an order referring a single issue to arbitration, with the expectation that the court will use the arbitrator's answer to address a question within its own province, is not appealable. Compare *Goodall–Sanford v. Textile Workers*, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957), and *S+L+H S.p.A. v. Miller–St. Nazianz, Inc.*, 988 F.2d 1518, 1522–23 (7th Cir.1993), with *Middleby Corp. v. Hussman Corp.*, 962 F.2d 614 (7th Cir.1992), and *Perera v. Siegel Trading Co.*, 951 F.2d 780 (7th Cir.1992). An order to arbitrate a single issue is deemed "embedded" in the larger proceedings and is not appealable until the whole dispute has been wrapped up. That is essentially the position of our case. The district court has resolved one issue; another will be arbitrated; until the two decisions are combined the resolution is not final. Accord, *Corion Corp. v. Chen*, 964 F.2d 55 (1st Cir. 1992); *Way v. Reliance Insurance Co.*, 815 F.2d 1033 (5th Cir.1987).

An appeal now would jeopardize the role of the final decision rule in consolidating all subsidiary questions and avoiding the need to decide issues that turn out to be irrelevant by the time the whole picture emerges. Suppose the arbitrator decides that Gurley is a malingerer, and the district judge concludes that this decision is not arbitrary or capricious. Then the number of years of credited service becomes irrelevant. True enough, if we were to take jurisdiction now and to reverse the district court, that would bring the case to a close and obviate any need to decide whether Gurley is disabled. That is so, however, whenever a district judge addresses a single potentially-dispositive issue in the litigation. Unless we abandon the final decision rule—or abandon the district judge's role as gatekeeper under § 1292(b)— the fact that the court of appeals could end the litigation does not make a decision on a single issue final. *Swint* made that point forcefully, and other recent decisions do likewise. E.g., *Digital Equipment Corp. v. Desktop Direct, Inc.*, —— U.S. ——, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988). Because the district court's decision is not final, we lack jurisdiction. Our consideration of whatever shortcomings there may be in the district court's treatment of its own jurisdiction (and of the merits) must await final decision in the district court.

The appeal is dismissed for want of jurisdiction.