116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lydia M. KIZER, Plaintiff-Appellant,
v.
INDIANA DEPARTMENT OF CORRECTIONS and TERRY DUNLAP,
Defendants-Appellees.[1]
 No. 96-3493.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 3:94-CV-524 RM; Robert L. Miller, Jr., Judge.
 COFFEY, FLAUM, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In June 1994, Lydia M. Kizer (hereinafter "Kizer") filed a pro se complaint pursuant to 42 U.S.C. § 1983 against Terry Dunlap. In the complaint, Kizer alleged that after she filed a "rape report on Jan. 22 of 92 against correctional officer Terry Dunlap of the Indiana State Prison in Michigan City, my husband who is an inmate (Robert B. Kizer) and I have been undergoing continuous retaliation from the defendant." According to Kizer's complaint, Dunlap and fellow officers subjected Robert Kizer to beatings, threats on his life, false write-ups, thefts from his prison account, and denial of medical help, and also delayed and tampered with "[o]ur mail." Kizer's complaint requested "equitable relief from retaliation" and "protection and medical help for my husband."
 
 
 2
 Kizer wrote a short letter to the district court in July 1994, asking the court "to represent me." The district court treated the letter as a motion for appointment of counsel, and denied the motion because it "does not demonstrate that she has diligently tried to seek counsel on her own." The order also provided that Kizer could "renew her motion upon making a showing of such diligence."
 
 
 3
 Taking that hint, Kizer wrote another letter to the district court, indicating that she could not afford the services of a private attorney to whom she had been referred by a bar association. Kizer also submitted copies of letters she had sent to the private attorney and to a legal services organization. Kizer's submissions were treated by the district court as a motion to reconsider the denial of appointment of counsel. In August 1994, the district court denied the motion, determining that Kizer's case "does not appear to be particularly complex, and [she] appears to be competent to try it [herself]." As the basis for its conclusion, the district court noted that the facts seemed to be within Kizer's personal knowledge; that skilled cross-examination did not appear to be crucial; that Kizer had articulated her claims plainly and had diligently proceeded with the case; and that Kizer had not suggested that any medical condition impaired her ability to present the case.
 
 
 4
 In November 1994, Kizer filed a formal motion for appointment of counsel along with supporting materials. Kizer asserted that she was unable to retain counsel because of her poverty, and that she lacked legal training and the ability to research the issues in her case. She contended that counsel was necessary for an adequate presentation of the complex legal issues raised by her case. The district court denied the motion for the reasons given in its August 1994 order.
 
 
 5
 Dunlap filed a motion for summary judgment in June 1996 (after having sought and received several enlargements of time). The motion notified Kizer that she must respond within eighteen days in the form required by Fed.R.Civ.P. 56(e), that failure to respond within that time may lead to a decision without her response, and that she could seek more time to respond or to file affidavits. Kizer neither responded nor sought additional time.
 
 
 6
 The motion for summary judgment was granted by the district court. The district court noted that Kizer was informed of the importance of the motion yet had failed to respond. Looking to Kizer's verified complaint, see Ford v. Wilson, 90 F.3d 245, 246 (7th Cir.1996), cert. denied, 117 S.Ct. 1110 (1997), the district court detected no genuine issue of material fact. In the district court's view, Kizer lacked standing on most of her claims--which regarded alleged injuries to her husband--and had offered no elaboration on her claim of interference with "our mail." The district court therefore granted "the defendants' motion for summary judgment." In a separate judgment order, the district court entered judgment "for the defendant, Terry Dunlap[,] and against the plaintiff." Kizer appeals.
 
 
 7
 We must first consider whether a final appealable judgment has been entered in this case. Only Dunlap moved for summary judgment, and the judgment was entered "for the defendant, Terry Dunlap." In contrast, the district court's dispositive order treated the motion as one filed by "the defendants," and granted "the defendants' motion for summary judgment." Because the district court clearly intended its order to conclude the case, the judgment (despite listing only one defendant) is appealable. See Massey Ferguson Division of Varity Corp. v. Gurley, 51 F.3d 102, 105 (7th Cir.1995). Moreover, it is debatable whether the DOC was even a defendant, for whom judgment needed to be entered. See n. 1, supra.
 
 
 8
 Assuming for the sake of argument that the DOC was a defendant, the district court's grant of summary judgment to the DOC was made sua sponte and without notice to Kizer. A district court may grant summary judgment sua sponte "when the outcome is clear, so long as the opposing party has had an adequate opportunity to respond." Sawyer v. United States, 831 F.2d 755, 759 (7th Cir.1987) (quotation and citations omitted); see also English v. Cowell, 10 F.3d 434, 437 (7th Cir.1993). These conditions were satisfied here. Kizer was notified of her opportunity to respond to Dunlap's motion for summary judgment and yet failed to respond or to request an enlargement of time. Summary judgment was then appropriately granted to Dunlap, for the reasons stated in the district court's analysis. The grounds for summary judgment for Dunlap were equally applicable to the DOC; this made summary judgment appropriate for the DOC as well. See Kennedy v. Children's Service Soc'y of Wisconsin, 17 F.3d 980, 983 n. 1 (7th Cir.1994).
 
 
 9
 Kizer argues that the district court abused its discretion in failing to appoint counsel for her. See Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.) (describing the standard of review), cert. denied, 510 U.S. 963 (1993). She suggests that the absence of counsel deprived her of the opportunity to conduct meaningful discovery and to craft a timely and effective response to the motion for summary judgment. However, Kizer cannot shift blame onto the district court for her failure to respond to the motion for summary judgment; the defendants clearly informed her of the opportunity to respond and the consequences of not responding. Also, most of Kizer's complaint was doomed to dismissal even if counsel had been appointed; Kizer's lack of standing could not have been cured by discovery or a response to the motion for summary judgment. As for the one claim which she did have standing to present--interference with "our mail"--the district court did not abuse its discretion in denying appointment of counsel. It was reasonable for the district court to believe, given the uncomplicated nature of Kizer's complaint and the quality of her filings up to her final request for appointment of counsel in November 1994, that she appeared to be competent to litigate the case herself and that counsel would not make a difference in the outcome. Id. at 322.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In her petition for leave to proceed in forma pauperis, Kizer listed both Dunlap and the Indiana Department of Corrections (DOC) as defendants. Kizer also served both Dunlap and the DOC with a summons and complaint. Accordingly, the district court listed both Dunlap and the DOC as defendants in the headings of its orders, and Kizer did likewise in her submissions. The complaint itself, in contrast, names only Dunlap as a defendant. The DOC never filed an appearance or any other papers in the district court, and the submissions filed by Dunlap in the district court list only himself as a defendant
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)