IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11151
Summary Calendar
_____

STEPHEN CLAYTON WALKER,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT; THOMAS BAKER;
ELVIS HIGHTOWER; STATE OF TEXAS,
A Municipal Corporation; RICKY NEWMAN,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1044-H
---------------------
April 15, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:*

     Stephen Clayton Walker, inmate #72850-079, alleged that he was subjected to cruel and unusual treatment and to unhealthy and unsanitary conditions of confinement during the summer months while he was confined in the Hutchins State Jail.  Walker filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the State of Texas and against the above-named defendants in their official and individual capacities.  The district court entered

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an order dismissing Walker's claims against the State of Texas and dismissing the official capacity claims against the other defendants. Walker appeals the district court's dismissal of these claims.

The district court did not certify its order of dismissal as a final judgment pursuant to Fed. R. Civ. P. 54(b). Walker's claims against appellees in their individual capacities were still pending.[**] Nevertheless, Walker purports to appeal the district court's dismissal of the State of Texas and the official capacity claims.

We take up the issue of our appellate jurisdiction *sua sponte*. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). With certain exceptions created by statute or judicial decision, our jurisdiction is limited to review of final decisions of the district courts. 28 U.S.C. §§ 1291, 1292. A final judgment "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (citation and internal quotation marks omitted). The federal appellate courts are authorized to review judgments dismissing "one or more but fewer than all of the claims or parties," but may do so only if the district court expressly certifies that its order is final as to those claims or parties. *See* Fed. R. Civ. P. 54(b); *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988). Absent

---

[**]     The case has not proceeded to final judgment.

a Rule 54(b) certification, the partial disposition of a multi-claim action does not qualify as an appealable final judgment. *Dillon v. Mississippi Military Dep't*, 23 F.3d 915, 917 (5th Cir. 1994).

The district court ruling challenged by Walker did not end the litigation on the merits. It is not final, nor is it an appealable interlocutory order. Finally, it was not certified as a partial final judgment pursuant to Rule 54(b). It is therefore beyond this court's appellate jurisdiction.

The appeal is DISMISSED for lack of jurisdiction.