IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41407
Conference Calendar
_____

ZARAIL JOINER,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:97-CV-379
- - - - - - - - - -

June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

    Zarail Joiner, Texas prisoner # 606409, alleged that he was
subjected to the use of excessive force while confined in a Texas
prison.  Joiner filed a civil rights lawsuit pursuant to 42
U.S.C. § 1983 against the Texas Department of Criminal Justice,
Institutional Division (TDCJ-ID) and against a correctional
officer, Lockwood.  The district court entered a partial judgment
dismissing Joiner's claims against the TDCJ-ID.  Joiner appeals
this dismissal.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We take up the issue of our appellate jurisdiction <u>sua</u> <u>sponte</u>.  <u>See</u> <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987). With certain exceptions created by statute or judicial decision, our jurisdiction is limited to review of final decisions of the district courts.  28 U.S.C. §§ 1291, 1292.  A final judgment "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  <u>Coopers and Lybrand v.</u> <u>Livesay</u>, 437 U.S. 463, 467 (1978) (citation and internal quotation marks omitted).  The federal appellate courts are authorized to review judgments dismissing "one or more but fewer than all of the claims or parties," but may do so only if the district court expressly certifies that its order is final as to those claims or parties.  <u>See</u> Fed. R. Civ. P. 54(b); <u>Dardar v.</u> <u>Lafourche Realty Co.</u>, 849 F.2d 955, 957 (5th Cir. 1988).  Absent a Rule 54(b) certification, the partial disposition of a multi-claim action does not qualify as an appealable final judgment. <u>Dillon v. Mississippi Military Dep't</u>, 23 F.3d 915, 917 (5th Cir. 1994).

The district court's ruling challenged by Joiner did not end the litigation on the merits.  It is not final, nor is it an appealable interlocutory order.  Finally, it was not certified as a partial final judgment pursuant to Rule 54(b).  It is therefore beyond this court's appellate jurisdiction.

The appeal is DISMISSED for lack of jurisdiction.