**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-31279
Summary Calendar
_____

ANDREW LEARNED PEABODY; ET AL,

Plaintiffs,

versus

GRADY C WEEKS; ET AL,

Defendants.

GRADY C WEEKS; CATHERINE S WEEKS; KENNETH WOOD;
KATHERINE WOOD,

Defendants - Third Party Plaintiffs -
Appellants,

versus

FIRST FINANCIAL INSURANCE CO; PRUDENTIAL
PROPERTY AND CASUALTY INSURANCE COMPANY,

Third Party Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-2283)

July 1, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Grady C. Weeks et. al appeal an order of the district court dismissing the claims against third-

party defendants Prudential Property and Casualty Insurance Co. ("Prudential") and First Financial

Insurance Co. ("First Financial") with prejudice. After entering the order, the court issued a judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in which it stated that, "[t]he defendants reserve all claims against third-party defendants" Prudential and First Financial. The judgment, however, did not order that the third-party claims be dismissed with or without prejudice.

In a lawsuit that contains multiple claims and/or multiple parties, a final judgment exists only if it meets one of two conditions: (1) the district court must expressly determine that there is no just reason for delay and must expressly direct the entry of the judgment; or (2) the judgment must adjudicate all of the claims and the rights and liabilities of all the parties. *See* FED. R. CIV. P. 54(b); *Bader v. Atlantic Int'l, Ltd.,* 986 F.2d 912, 914-15 (5th Cir. 1993). The district court did not order the entry of the judgment pursuant to Rule 54(b), and the judgment did not adjudicate all of the third-party claims.[1] Therefore, the judgment is an unappealable interlocutory order and does not qualify as a final judgment. *See Liquid Drill Inc. v. U.S. Turnkey Exploration, Inc.,* 48 F.3d 927, 930 n.5 (5th Cir. 1995); *Dillon v. State of Miss. Military Dep't,* 23 F.3d 915, 917 (5th Cir. 1994). As there is no final judgment in this case, we do not have appellate jurisdiction under 28 U.S.C. § 1291. *See Dillon,* 23 F.3d at 917. Accordingly, we DISMISS the appeal for lack of jurisdiction.

---

[1] It is implicit in the judgment that the court would dismiss the third-party claims without prejudice; however, this result conflicts with the earlier order dismissing the claims with prejudice. The resolution of this inconsistency must occur in the district court. *See Aluminum Co. of Am. v. Beazer E., Inc.,* 124 F.3d 551, 557 (3d Cir. 1997) ("an appellate court must determine whether, at the time it is examining its jurisdiction, there remain unresolved issues to be adjudicated in the district court").