IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60056
Conference Calendar
_____


JOE LEE HOLLOWAY; ET AL.,

                                        Plaintiffs,

JOE LEE HOLLOWAY; SALLY ANN HOLLOWAY; SANDRA CARR; JOHN CARR,

                                        Plaintiffs-Appellants,

versus

CITY OF JACKSON, MISSISSIPPI; ET AL.,

                                        Defendants,

CITY OF JACKSON, MISSISSIPPI; HARVEY JOHNSON, in his capacity as
Mayor of the City of Jackson; BRACY COLEMAN, in his capacity as
Chief of Police of the City of Jackson; VERA WRIGHT, in her
official capacity as a 911 operator with the Department of Public
Safety Communications with the City of Jackson,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-354-LN
--------------------
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

    The plaintiffs appeal the district court's grant of summary

judgment and dismissal in favor of fewer than all of the

defendants.  Claims against Vera Wright were dismissed but later

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reinstated.  Claims against Mobile Medic Ambulance Service, Inc., have not been dismissed.  The plaintiffs contend that the district court's decision dismissing some of the defendants in the matter was a final decision on the merits in reference to the City of Jackson and its officers.

The district court's ruling did not end the litigation on the merits and did not dispose of all of the claims against all of the defendants.  See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978); Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981); Fed. R. Civ. P. 54(b).  The order was not a final order, and it is not an appealable interlocutory order.  Finally, the order was not certified as a partial final judgment pursuant to Rule 54(b).  See Dillon v. Mississippi Military Dep't, 23 F.3d 915, 917 (5th Cir. 1994).  Accordingly, this court lacks appellate jurisdiction, and the appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.