IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31043
Summary Calendar
_____

BARBARA HOOVER,

Plaintiff-Appellant,

versus

CIVIL DISTRICT COURT, Parish of Orleans, State of Louisiana; NADINE
RAMSEY, Judge; SHELLY NICHOLSON, Court Reporter; PINKY FERDINAND,
Court Reporter; TERRI LOVE, Judge; LESLIE CALLAIS, Court Reporter;
MARJORIE STAES, Court Reporter; KIM BOYLE, Judge; ROBIN GIARUSSO,
Judge; CARLA JOSEPH, Court Reporter; GERALD GEDEROFF, Judge;
BARBARA BERGUR, Court Reporter; RICHARD GANUCHEAU, Judge; MR.
CALLAIS, Court Reporter; YADA MAGEE, Judge; THERESA MILLER, Court
Reporter; ROLAND BELLSOME, Judge; LAURIE HENDRICKSON, Court
Reporter,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(01-CV-769)
--------------------
February 28, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

We must determine the basis of our jurisdiction and must do so
on our own motion, if necessary. *Mosley v. Cozby*, 813 F.2d 659,
660 (5th Cir. 1987). Generally, parties may appeal only from final
orders unless the order has been certified for immediate,
interlocutory appeal. 28 U.S.C. §§ 1291, 1292(b). A final
decision is one that "ends the litigation on the merits and leaves
nothing for the court to do but execute the judgment." *Dillon v.*

*State of Mississippi Military Dep't*, 23 F.3d 915, 917 (5th Cir. 1994)(citation and quotations omitted).

No final judgment has been entered in the captioned case. The district court announced its intention to dismiss the case if Plaintiff-Appellant Hoover failed to comply with a show-cause order. That was not, however, a self-executing order of dismissal, and the district court has not dismissed the case. Hoover could have filed a pleading explaining the bases for her claims and could have avoided a dismissal for failure to comply. The show-cause order did not therefore end the litigation on the merits and leave nothing for the court to do but sign and file the judgment. *See Dillon*, 23 F.3d at 917. As there is no final judgment, there is nothing from which an appeal on the merits may be taken.

Additionally, the district court's show-cause order and its order denying Hoover's motion for transcripts, for an extension, and for a stay, could be reviewed on appeal from any final order dismissing the case. Therefore, those orders are not appealable under the collateral-order doctrine. *Carter v. Fenner*, 136 F.3d 1000, 1004 n.7 (5th Cir. 1998). Lacking jurisdiction over Hoover's appeal, it is
DISMISSED.