**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-10870
Summary Calendar

JANIS BROWN, Individually, and as Personal Representative of the Estate
of Jason Ray Brown, Deceased; BILLY RAY BROWN

Plaintiffs-Appellants

v.

WICHITA COUNTY TEXAS; THOMAS J CALLAHAN, Sheriff of Wichita
County, Texas, in his Individual and Official Capacity; DANIEL H BOLIN,
MD, In his Individual and Official Capacity

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CV-108

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

For this civil rights action, brought pursuant to 42 U.S.C. § 1983,
Appellants challenge: the August 2008 summary judgment awarded Wichita
County, Texas; the April 2008 summary judgment awarded Dr. Bolin; and the
August 2008 reconsideration-denial of Dr. Bolin's summary judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This action stems from the death of Jason Ray Brown, who was arrested, in July 2004, on narcotics-related charges, and was taken to the Wichita County jail. During his second day in jail, he died of what was later determined to have been a massive gastrointestinal hemorrhage, caused by chronic viral hepatitis and cirrhosis of the liver. His parents, individually and for his estate, claim Fourteenth Amendment constitutional violations arising from Brown's treatment while in jail.

Defendants initially named were Wichita County and 12 persons associated with the jail, in their individual and official capacities. In April 2008, summary judgment was awarded Dr. Bolin; in May 2008, the parties stipulated to dismissing nine Defendants; and, in August 2008, summary judgment was awarded Wichita County, and a motion to reconsider Dr. Bolin's summary judgment was denied. Therefore, following the August 2008 rulings, two Defendants remained in this action: Sheriff Callahan and Nurse Krajca, in their individual and official capacities. (In May 2008, Krajca was awarded summary judgment for certain punitive-damage claims, but not for the constitutional claims, brought against her.)

In September 2008, Appellants filed this appeal, challenging the summary judgments for Wichita County and Dr. Bolin. The district court has not made final adjudication of the claims against Sheriff Callahan and Krajca.

"Our court is one of limited jurisdiction. We have authority to hear appeals only from final decisions under 28 U.S.C. § 1291", and in certain other limited situations, including when a non-final judgment has been certified as final under Federal Rule of Civil Procedure 54(b). *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999) (internal quotation marks and citations omitted). "We have said that '[a] decision is final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'." *Id.* at 538-39 (quoting *Askanase v. Livingwell, Inc.*,

2

981 F.2d 807, 810 (5th Cir. 1993)). Along that line, our court instructed the parties on appeal to address whether we have jurisdiction. (Appellants concede, in their brief, that our court does not have interlocutory jurisdiction to review the partial summary judgment awarded Krajca; that order is not at issue in the instant appeal.)

Needless to say, the district court has not yet rendered a "final decision" for § 1291 purposes; un-adjudicated claims remain against two defendants. "Therefore, we must consider whether the district court has certified its judgment for appeal under Rule 54(b) so that we have authority to hear an appeal from a decision that 'adjudicates fewer than all the claims'." *Id.* at 539 (quoting FED. R. CIV. P. 54(b)). Rule 54(b) provides, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . .

FED. R. CIV. P. 54(b).

For deciding whether the district court has made the requisite Rule 54(b) certification,

> our existing jurisprudence explains that a rule 54(b) interlocutory appeal is appropriate where the language of the order appealed, independently or read together with other portions of the record, reflects the court's unmistakable intent to render the issue appealable under rule 54(b), and nothing else is required to make the order appealable.

*Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 404 (5th Cir. 2004) (internal quotation marks and citation omitted). On the one hand, "[t]he fact that the district court labeled its order as a 'Final Judgment' does not suffice to make that order appealable under Rule 54(b)", as "[t]he label does not indicate any

intent by the district court that the order should be *immediately* appealable". *Briargrove Shopping Ctr. Joint Venture*, 170 F.3d at 540 (emphasis in original); *see also Witherspoon v. White*, 111 F.3d 399, 403 (5th Cir. 1997). On the other hand, "[w]e do not require the judge to mechanically recite the words 'no just reason for delay'" if the order otherwise "reflect[s] the court's intent to enter the judgment under Rule 54(b)". *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220-21 (5th Cir. 1990) (en banc).

The appealed-from orders are labeled "FINAL JUDGMENT". However, as noted, these labels do not indicate whether the district court intended to render the orders immediately appealable under Rule 54(b). Moreover, unlike the facts in *Kelly*, the district court nowhere mentions Rule 54(b). *See id.* at 1221 (noting the order appealed from was captioned "F.R.C.P. 54(b) JUDGMENT" by the district court); *see also Briargrove Shopping Ctr. Joint Venture*, 170 F.3d at 541 ("*Kelly* describes the most lenient application of a Rule 54(b) certification as far as this circuit is concerned, and this case fails by a wide margin to meet that test.").

Having reviewed the orders at issue and the pertinent parts of the record, we cannot conclude that the district court has shown an "unmistakable intent" to affect a Rule 54(b) certification. *See Briargrove Shopping Ctr. Joint Venture*, 170 F.3d at 540. Accordingly, our court lacks jurisdiction to consider this appeal. *See*, *e.g.*, *Dillon v. Miss. Military Dept.*, 23 F.3d 915, 919 (5th Cir. 1994).

DISMISSED.