John H. LOWE, Plaintiff-Appellee,

v.

PATE STEVEDORING COMPANY et al., Defendants-Appellees,

Simson Unterberger, Appellant.

No. 78–3451
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 17, 1979.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Simson Unterberger, pro se.

John H. Lowe, pro se.

Robert A. Fraser, Tampa, Fla., for defendants-appellees.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

In this unfair representation case Lowe was awarded a judgment of $25,500 damages apportioned between his employer and his union. Pursuant thereto the defendants paid into court $25,500 plus interest, an aggregate sum of $29,526.54. Lowe moved for an attorney's fee based upon the union's bad faith representation. The district judge considered the 45% contingent fee contract between Lowe and his attorney, Unterberger, and awarded a fee, assessed against the union, of $13,081.50, which is 45% of the sum paid into court under the judgment. Unterberger asked the court to attach an attorney's lien to the extent of 45% of the $29,526.54 and 45% of the $13,-081.50. The court granted the lien with respect to the former and denied it as to the latter. Unterberger appeals.

■ First, we conclude that we have jurisdiction of the matter. Equitable aspects of the case are still pending in the district court relating to plaintiff's prayer for reinstatement. Under the circumstances of this case we think the decision awarding an attorney's fee and refusing to award the additional amount claimed by Unterberger is a collateral order within the purview of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See also Preston v. U. S.,* 284 F.2d 514, 515 n. 1 (CA9, 1960), and *Swanson v. American Consumer Industries, Inc.,* 517 F.2d 555, 560 (CA7, 1975).

■ Unterberger points out that the contingent fee contract provided for payment to him of 45% of any sum "recovered by suit," and insists that the district court was required to apply literally and mechanically the contract provision unless it found that the contract was excessive or overreaching.

We agree with the district court. Had the contract specifically called for a fee on a fee, the court would have been faced with issues of its supervisory powers over contingent fee contracts and whether the compensation called for was excessive. But the contract applied to any sum "recovered by suit," and the court, under the circumstances and in its discretion, considered this to be implemented by Lowe's receiving the full enjoyment of his recovery for damages and Unterberger's receiving a 45% fee thereon.

*Farmington Dowel Products Co. v. Forster Mfg. Co.,* 421 F.2d 61 (CA1, 1970), an antitrust case, does not support Unterberger's position. There the contract called for one-third of trebled damages plus all of any amount awarded as a reasonable attorney's fee. Because of the one-third of damages provision the district court declined to award an attorney's fee against the defendant. The First Circuit honored the one-third of damages provision, and directed the district court to award a reasonable fee as provided by statute and to resolve the amount of the maximum ethically allowable fee. Rather than supporting Unterberger, *Farmington* notes that the purpose of the statutory provision for a fee[1] was that the successful plaintiff's damage recovery would not be unduly diminished by the payment to his attorneys, and that the surest

---

1. In that case, under the Clayton Act, here under a different statute.

way to obtain this result was that the client should get the full trebled damages while the attorney received the fee awarded by the court. *Farmington* recognized that in some difficult cases a fee consistent with the Canons of Ethics can be agreed upon between client and attorney although it exceeds the fee awarded by the court. 421 F.2d at 89 n. 61.

In this case, there is not, as there was in *Farmington,* a specific provision for a fee calculated upon damages plus a fee measured independently of the damage award. Nothing is shown to us demonstrating that in the present case the contract provision for a sum "recovered by suit" should be interpreted differently than that the successful plaintiff should not have his damage recovery unduly diminished by his making an additional payment to an attorney compensated by the fee awarded by the court (as measured by the agreed percentage applied to damages recovered). In this connection, we note that Unterberger successfully prosecuted an appeal on Lowe's behalf, but as compensation for the additional work on appeal the contingent fee contract by agreement was amended to increase the compensation to 45% from the 40% originally contracted for. The district court gave effect to this increase.

AFFIRMED.