Summersgill DARDAR, et al.,
Plaintiffs-Appellants,

v.

LAFOURCHE REALTY CO., INC., et
al., Defendants,

Col. Eugene S. Witherspoon, et al.,
Defendants-Appellees.

No. 87–3629.

United States Court of Appeals,
Fifth Circuit.

July 18, 1988.

Michael Osborne, Osborne & McComiskey, New Orleans, La., for plaintiffs-appellants.

Kai David Midboe, Baton Rouge, La., for State of La.

Dirk Snell, Carl Strass, Environmental Def. Sect., Land & Natural Resources Div., Robert L. Klarquist, Washington, D.C., John P. Volz, U.S. Atty., New Orleans, La., for Federal.

William R. Pitts, New Orleans, La., for Lafourche Realty Co.

Before CLARK, Chief Judge,
GOLDBERG and GARWOOD, Circuit
Judges.

GOLDBERG, Circuit Judge:

Plaintiff-Appellants, small boat fishermen of the Louisiana bayou country (the "Fishermen"), brought suit under The Administrative Procedures Act, 5 U.S.C. § 701 et seq., to challenge permits, granted by the Army Corps of Engineers (the "Corps"), allowing Lafourche Realty Co. ("Lafourche Realty") to erect barriers on its own property, which effectively barred Appellants from their traditional fishing grounds. In the district court, the Fishermen demonstrated that the Corps had failed to consider possible public rights of access when it decided to grant the permits. The district court found that the Corps' decision to grant the permits was "arbitrary and capricious," and issued an injunction ordering the Corps to engage in additional fact-finding. The Fishermen now appeal the district court's denial of their motion for interim attorney's fees.

Because this is not an appeal from a final order, we do not have subject matter jurisdiction. We therefore dismiss this appeal, without prejudice to a renewed application for fees at the close of the suit on the merits. *See, e.g., Baker v. Bowen*, 839 F.2d 1075 (5th Cir.1988).[1]

## I. Facts

Since 1921, Lafourche Realty has owned a tract of land east of Bayou Lafourche. In 1948, Lafourche Realty's oil and gas lessee obtained a permit from the Corps to dredge and construct the Tidewater Canal, a six-mile canal connecting Lafourche Realty's property to Bayou Lafourche. Since that time, Lafourche Realty has constructed an extensive network of artificial canals on its property known as the Tidewater Canal System.

In 1983 Lafourche Realty applied to the Corps for an additional permit to erect fences at the entrances to the Tidewater Canal System. Lafourche Realty sought to restrict access to the canal system in order to prevent vandalism, poaching, and erosion of their land.

In an unfortunate example of agency decision making,[2] the Corps granted the requested permits. Lafourche Realty then installed the fences, thereby excluding all unauthorized traffic from the canal system. Small boat fishermen, barred from their traditional fishing grounds brought this suit.[3]

After trial, the district court found the Corps' decision to be "arbitrary and capricious." The court found that the Corps had based its decision on inadequate fact-finding procedures and an inadequate record. As the district court noted, "The administrative record [was] devoid of evidence that the Corps researched the facts to support its conclusion. There is no suggestion that historical, geographical, or top[o]graphical data were compiled or studied to determine whether The Tidewater System obstructed or diverted natural navigable waterways."[4] Without invalidating

---

1. Since oral argument the district court has considered the augmented record created by the Corps and has let the permits stand. Nothing we say today has any bearing on whether the district court's order requiring additional fact-finding, taken alone, qualifies Appellants as prevailing parties and entitles Appellants to fees for work done prior to the remand, or on whether the position of the government was substantially justified.

2. The Corps mailed notice of the permit application to interested parties. The Corps received numerous letters of protest but lost or destroyed many of them, thereby omitting them from the administrative record. In addition, the Corps made no independent investigation of any possible public right of access to the Tidewater Canal System. Instead, it relied primarily on an opinion issued by the Louisiana Attorney General in a "similar matter."

3. The State of Louisiana joined the lawsuit as well, raising issues similar to those of the private plaintiffs.

4. In *Vaughn v. Vermilion*, 444 U.S. 206, 100 S.Ct. 399, 62 L.Ed.2d 365 (1979), the Supreme Court held open the possibility that "[I]f a private citizen on his privately held real property and with private funds creates a system of artificial navigable waterways, in part by means of erosion or destruction of a pre-existing natural navigable waterway, the artificial waterway [might become] part of the navigable waterways of the United States, subject to the use of all citizens." The Supreme Court also left open the possibility that such a "navigational servitude" might be created under Louisiana law. *Id.* at 208–209, 100 S.Ct. at 400–401.

the permits, the court ordered the Corps to engage in fact-finding procedures, to determine whether the Tidewater Canal System obstructed or diverted preexisting natural navigable waterways.

The Corps immediately sought review of the district court's order. The Fishermen moved for dismissal of the appeal. A panel of this court, in an unreported decision, held that the order was injunctive in nature and therefore constituted an appealable interlocutory order under 28 U.S.C. § 1292(a)(1). Notwithstanding this decision, the Corps voluntarily dismissed its appeal. The Fishermen then submitted a motion seeking attorney's fees. The district court denied fees without reasons. The Fishermen now appeal that denial of interim fees.

## II. Discussion

■ Federal Circuit Courts only have jurisdiction over three types of appeals: (1) final orders, 28 U.S.C. § 1291; (2) certain specific types of interlocutory appeals, such as those where injunctive relief is involved, 28 U.S.C. § 1292(a)(1); and (3) appeal where the district court has certified the question as final pursuant to Federal Rule 54(b), 28 U.S.C. § 1292(b).

A denial of attorney's fees, however, is not injunctive or within any of the specific exceptions stated in § 1292, nor has the district court certified the question. We therefore must determine whether the denial of attorney's fees in this case constitutes a final order.

■ Denials and awards of attorney's fees may be appealed separately as final orders after a final determination of liability on the merits.[5] Where, however, the case has yet to be heard on the merits,[6] or the amount and or propriety of the attorney's fees themselves have not yet been decided,[7] an award or denial is not yet final and is therefore unappealable as a strictly final order. Here, the district court had not yet disposed of the merits at the time appeal was taken, and consequently neither the propriety nor the amount of attorney's fees have been determined with finality. This case instead involves a request for interim attorney's fees during the pendency of the case.

■ Section 1291 is not limited exclusively to orders which dispose of entire cases. There is a small class of orders, which finally determine issues separate from the merits of the case, which have been deemed appealable as collateral orders. *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To be appealable under the *Cohen* doctrine, an order must meet three requirements. The order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978).

■ Whether an order fits within the *Cohen* doctrine necessarily turns on the facts of the specific case, and different cases in different circuits have reached differing results.[8] Not all of the cases can be

---

5. *See, e.g., Texas State Teacher's Ass'n v. Garland Independent School Dist.,* 837 F.2d 190 (5th Cir.1988); *Leroy v. City of Houston,* 831 F.2d 576 (5th Cir.1987).

6. *Ruiz v. Estelle,* 609 F.2d 118 (5th Cir.1980); *Norwood v. Harrison,* 563 F.2d 722 (5th Cir. 1977).

7. *Williams v. Ezell,* 531 F.2d 1261 (5th Cir.1976).

8. Awards of interim attorney's fees have been held appealable under the collateral order exception in *Angoff v. Goldfine,* 270 F.2d 185 (1st Cir.1959); *Seigal v. Merrick,* 619 F.2d 160 (2d Cir.1980); *Cheng v. GAF Corp.,* 713 F.2d 886 (2nd Cir.1983); *Lowe v. Pate Stevedoring Co.,*

595 F.2d 256 (5th Cir.1979); *Memphis Sheraton Corp. v. Kirkley,* 614 F.2d 131 (6th Cir.1980); *Swanson v. American Consumer Industries, Inc.,* 517 F.2d 555 (7th Cir.1975); *Obin v. International Asso. of Machinists & Aerospace Workers,* 651 F.2d 574 (8th Cir.1981); *United States v. Baker,* 603 F.2d 759 (9th Cir.1979). Awards of attorney's fees have been held not within the collateral order exception and unappealable in *Hastings v. Maine-Endwell Cent. School Dist.,* 676 F.2d 893 (2nd Cir.1982); *Alart Associates, Inc. v. Aptaker,* 402 F.2d 779 (2nd Cir.1968); *Eastern Maico Distributors, Inc. v. Maico-Fahrzeugfabrik, G.m.b.H.,* 658 F.2d 944 (3rd Cir.1981); *In re Underwriters at Lloyd's,* 666 F.2d 55 (4th Cir. 1981); *Ruiz v. Estelle,* 609 F.2d 118 (5th Cir.

easily reconciled, many because they were decided prior to *Coopers & Lybrand,* and many because the court has not examined all three prongs of the test articulated in that case.[9]

■ Courts applying the test have generally found attorney's fee awards sufficiently separate from the merits of the case to be deemed collateral. *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). *But see, Holmes v. J. Ray McDermott & Co.,* 682 F.2d 1143 (5th Cir. 1982) (where attorney's fees are inseparable from the merits, they are not collateral and therefore not appealable). The appealability of an award turns, therefore, upon whether the award is conclusively determined, and whether it will be reviewable on appeal from a final judgment.

Two cases in the Second Circuit demonstrate the structure of the analysis. Their differing results demonstrate the focus on conclusiveness and reviewability. In *Hastings v. Maine-Endwell Central School District,* 676 F.2d 893 (2d Cir.1982), the Second Circuit held an order granting interim attorney's fees to be separate and distinct from the merits of the action. They concluded, however that the award in that case would be reviewable after final judgment and held the order unappealable. Later, in *McGill v. Secretary of Health & Human Services,* 712 F.2d 28 (2d Cir.1983), the same court concluded that, in a case involving a request for fees in a dispute over social security benefits, an award of attorney's fees was appealable because review might prove unavailable after remand to the agency. They stated "if plaintiff is awarded the benefits at the administrative level or chooses not to seek review of a denial of benefits, there will be no further judicial proceedings on which to base a later appeal." *Id.* at 29; *cf. Cheng v. GAF Corp.,* 713 F.2d 886 (2d Cir.1983).[10]

In this circuit as well, reviewability and conclusiveness have proven dispositive. Furthermore, we apply the three prong test more stringently than the Second Circuit. In *Ruiz v. Estelle,* 609 F.2d 118 (5th Cir. 1980), a class action brought to reform the Texas prison system, we applied the three prong test to determine whether an order awarding attorney's fees fit within the "collateral order" exception to the final order requirement. There, the district court made an interim award of fees to an attorney who was withdrawing from the case. The State of Texas sought to appeal. Judge Rubin noted that, "Because the order is presently not yet final in the sense that it disposes of the litigation, we ... have authority to consider an appeal from it only if jurisdiction could be established under the collateral order doctrine, which treats certain rulings made pendente lite as final orders." *Id.* at 118.

Judge Rubin examined the history of the "collateral order doctrine" and noted that the exception should not be allowed to swallow the rule, saying:

> After [its] birth the *Cohen* doctrine, spawned by a desire to avoid the rigidity

9. For example, the law of the Third Circuit is unclear. In *Yakowicz v. Pennsylvania,* 683 F.2d

1980); *Pflocks v. Firestone Tire & Rubber Co.,* 634 F.2d 1215 (9th Cir.1980). Denials of interim attorney's fees have been held appealable under the collateral order exception in *Sprague v. Ticonic Nat. Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Trustees v. Greenough,* 105 U.S. (15 Otto) 527, 26 L.Ed. 1157 (1882) (pre section 1291 case); *United States Steel Corp. v. United Mine Workers,* 456 F.2d 483 (3rd Cir. 1972); *Preston v. United States,* 284 F.2d 514 (9th Cir.1960); *In re Derickson,* 640 F.2d 946 (9th Cir.1981). Finally, denials of interim attorney's fees have been held outside the collateral order exception in *Yakowicz v. Pennsylvania,* 683 F.2d 778 (3rd Cir.1982).

778 (3rd Cir.1982), the court held that denial of interim attorney's fees did not fit within the *Cohen* doctrine, while in *Brown v. Secretary of Health & Human Services,* 747 F.2d 878 (3d Cir.1984), the same court allowed an appeal from denial of an interim fee award without examining its own jurisdiction. *See* note 11.

10. Dissenting in *Cheng,* Judge Timbers argued that the order awarding interim fees in that case was neither conclusive nor unreviewable on appeal. Some of the arguments raised apply equally to *McGill.* We take no position on this dispute, or on whether the court in *McGill* actually had jurisdiction. We cite these cases only to demonstrate that the dispositive questions are whether a given order is in fact conclusive and unreviewable.

of the final judgment rule and nurtured by the maternal tendency of appellate courts to protect youthful litigation from early trauma, grew to a strapping youth that threatened to master the statute of its genesis. Many appellate decisions pointed toward the destruction of a genuine finality rule, to be supplanted by "an ad hoc balancing of the needs and perils of review on a case by case basis." 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3913, at 524 (1976). However, appellate courts have recently evidenced a tendency toward less interlocutory cossetting ...

*Id.* at 119. Judge Rubin pointed to the three prong test articulated by the Supreme Court in *Coopers and Lybrand* as the authoritative hemming in of the *Cohen* doctrine, and applied it carefully.

The panel recognized that the order granting attorney's fees was neither conclusive nor unreviewable, noting that it

> was manifestly subject to later reconsideration by the Court. Counsel in whose favor the award was made has now returned to the litigation and participated in the trial on the merits. All of the parties agree that at least some components of the award are subject to reconsideration on determination of the merits.... Moreover, all of the issues affecting the propriety of the award may appropriately be reviewed after the final judgment is rendered.

*Id.* Accordingly the court dismissed the appeal.[11]

 Applying the three prong test to the facts of this case, we find the order denying attorney's fees distinct from the merits of the case. However, we fail to see how a denial of interim fees is conclusive. Though the district court denied fees in the interim, the propriety and amount of fees will again be open for consideration. If at the close of the case on the merits, or after appeal from the district court, plaintiffs prevail, they will be entitled to compensation "for all time spent in federal court on the prevailing issues both before and after remand." *Baker v. Bowen,* 839 F.2d 1075 (5th Cir.1988). Indeed, even if the court had awarded fees, the propriety and amount of fees would have remained open until the end of the case on the merits.[12] Finally, after a truly final order, appellate review of any prior attorney's fee determination will be available. The district court's denial of fees is therefore neither conclusive, nor unreviewable.

The district court in this case has not attempted to certify the question under Rule 54(b). As such, *Ruiz* controls and the appeal is DISMISSED.

---

**11.** In *Lowe v. Pate Stevedoring,* 595 F.2d 256 (5th Cir.1979), a panel of this court allowed a ruling on attorney's fees to be appealed at the close of the damage portion of a case, but while the equitable portion was still pending. The court did not cite *Coopers & Lybrand,* and did not apply the three prong test. They did find the award distinct from the merits of the case, and conclusive, pointing out that plaintiff had prevailed, and that additional fees would not be forthcoming from the equitable portion of the case. The court did not, however, examine whether the order would be insulated from review on appeal. For that factor we must take the panel at its word. *See* note 9.

More recently, the only denials of interim attorney's fees which have been successfully appealed have been certified as final by the district court under Rule 54(b) and appealed pursuant to 28 U.S.C. § 1292(b). *See Young v. Pierce,* 822 F.2d 1376 (5th Cir.1987). Indeed, in *Sidag Aktiengesellschaft v. Smoked Foods Products,* 813 F.2d 81 (5th Cir.1987), where certification was ineffective, we dismissed the appeal.

**12.** In this circuit, a plaintiff is considered a prevailing party for attorney's fees purposes, only if he or she prevails on "the central issue[,] by acquiring the primary relief sought." *Texas State Teachers Ass'n v. Garland Independent School District,* 837 F.2d 190, 192 (5th Cir.1988); *see also, id.* at 195 (Goldberg, J. dissenting). Until a final decision on the merits, it is impossible to tell whether plaintiff has achieved the primary relief sought. In other circuits where plaintiffs are entitled to fees if they "succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978), an award or denial of interim fees is somewhat more conclusive. In this circuit, however the question remains open until the end of the lawsuit.