United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-31057
Summary Calendar
_____

FOREST C. MARTIN, SR., on behalf of Neal Nassor Martin,
on behalf of Forest C. Martin,

Plaintiff-Appellant,

versus

CITY OF ALEXANDRIA, ET AL.,

Defendants,

TOMMY CICARDO, In His Official Capacity;

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-1282-FAL
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Forest C. Martin, Sr., and his minor sons, Forest C. Martin,
Jr., and Neal Nassor Martin (collectively, "the Martins"),
proceeding pro se, filed a civil rights complaint under 42 U.S.C.
§ 1983 against several defendants, including Police Chief Tommy
Cicardo.  The district court dismissed Cicardo pursuant to FED.
R. CIV. P. 12(b)(6).  On Cicardo's motion, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ordered the plaintiffs to pay $4205.50 in costs and attorney's fees to Cicardo, whom it determined was the prevailing party pursuant to 42 U.S.C. § 1988.

The Martins seek interlocutory review of the district court's award of costs and attorney's fees to Cicardo. The parties were instructed provide briefing as to whether the district court's order granting Cicardo's motion for costs and attorney's fees is appealable in light of the fact that the case remains pending.

This court must examine the basis of its jurisdiction. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Federal appellate courts have jurisdiction only over appeals from (1) final orders under 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or that properly can be certified as final pursuant to FED. R. CIV. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b). See Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).

The Martins argue that the order awarding costs and attorney's fees is final. "[W]hen the district court fails to clearly indicate that a judgment disposing of less than all parties was entered pursuant to Rule 54(b), the judgment is not

considered final." Witherspoon v. White, 111 F.3d 399, 403 (5th Cir. 1997). The district court did not enter judgment pursuant to Rule 54(b), and it has not entered a final judgment.

Cicardo contends that the order awarding costs and attorney's fees is appealable under the collateral order doctrine. The doctrine applies when the order in question: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from final judgment. See Matter of Aucoin, 35 F.3d 167, 170 (5th Cir. 1994). These conditions are conjunctive and failure of any one results in the failure of jurisdiction. See id.

"[A]fter a truly final order, appellate review of any prior attorney's fee determination will be available." Dardar v. Lafourche Realty Co., Inc., 849 F.2d 955, 959 (5th Cir. 1988). The Martins have not shown that the costs and attorney's fees would be unrecoverable once paid to Cicardo. See Shipes v. Trinity Indus., Inc., 883 F.2d 339, 344 (5th Cir. 1989). The Martins' contention that payment of the costs and attorney's fees will result in hardship is insufficient to warrant review under the collateral order doctrine. See Kershaw v. Shalala, 9 F.3d 11, 15 (5th Cir. 1993); Equal Employment Opportunity Comm'n v. Kerr Bus Co., Inc., 925 F.2d 129, 135 (5th Cir. 1991).

This court lacks jurisdiction over the instant appeal. Accordingly, the appeal is DISMISSED.