**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2009

Charles R. Fulbruge III
Clerk

No. 07-60210
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL STARNES, also known as "Little Mike"

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:02-CR-95-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

In 2003, Michael Starnes was convicted by a jury of various drug related offenses. He was sentenced to a total of 145 years of imprisonment. On appeal, the Government conceded that two of the charges against Starnes should be dismissed. This court affirmed Starnes's remaining convictions and remanded the case for resentencing. Thereafter, Starnes filed a motion seeking the disqualification of his court-appointed attorney, alleging that he was denied the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

effective assistance of counsel. Starnes filed the instant appeal after the district court issued an order denying his motion. Starnes was subsequently resentenced to a total of 50 years of imprisonment. His appeal from that decision is pending in this court as a separate proceeding.

"Finality as a condition of review is an historic characteristic of federal appellate procedure." *Cobbledick v. United States,* 309 U.S. 323, 324 (1940). As an initial matter, we must determine whether the district court's order denying Starnes's motion to disqualify counsel is immediately appealable as a final judgment. *See In re County Management,* 788 F.2d 311, 313 (5th Cir. 1986) (court obligated to review own jurisdiction where in question); 28 U.S.C § 1291 (final-judgment rule); *Flanagan v. United States,* 465 U.S. 259, 263 (1984) (the rule encourages appellants "to raise all claims of error in a single appeal" (internal quotation marks omitted)).

"Federal Circuit Courts only have jurisdiction over three types of appeals: (1) final orders, 28 U.S.C. § 1291; (2) certain specific types of interlocutory appeals, such as those where injunctive relief is involved, 28 U.S.C. § 1292(a)(1); and (3) appeal[s] where the district court has certified the question as final pursuant to Federal Rule 54(b), 28 U.S.C. § 1292(b)." *Dardar v. Lafourche Realty Co.,* 849 F.2d 955, 957 (5th Cir. 1988). The district court's ruling on Starnes's motion to disqualify does not fall into any of the permitted categories. Although the contrary rule once prevailed in this circuit, *see United States v. Garcia,* 517 F.2d 272, 275 (5th Cir. 1975), that precedent has been overruled. In *Flanagan,* the Supreme Court specifically excluded counsel-disqualification rulings from the limited categories of immediately appealable pretrial orders because such orders "lack[] the critical characteristics that make orders denying bail reduction or refusing to dismiss on double jeopardy or Speech or Debate grounds immediately appealable." 465 U.S. at 266. "Nothing about a disqualification order distinguishes it from the run of pretrial judicial decisions that affect the rights of criminal defendants yet must await completion of trial-

court proceedings for review." *Id*. at 270.  Although *Flanagan* involved an order for disqualification that had been granted whereas this case involves one that has been denied, we perceive no rational reason to interpret *Flanagan* as being limited to the former circumstance.  Accordingly, we find that we lack subject matter jurisdiction to entertain this appeal.

The appeal is DISMISSED for lack of jurisdiction.