# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2011

No. 10-30231

Lyle W. Cayce
Clerk

PATRICK JOSEPH TURNER; ET AL.,

Plaintiffs

v.

MURPHY OIL USA, INC.,

Defendant

v.

DANIEL E. BECNEL, JR.; ROBERT BECNEL,

Movants–Appellants

v.

SIDNEY DONECIO TORRES, III; HUGH PALMER LAMBERT; GILBERT V. ANDRY, III; GILBERT V. ANDRY, IV; JERALD N. ANDRY, JR.; WILLIAM ELDREN BRADLEY; JOSEPH M. BRUNO; ANTHONY D. IRPINO; MICKEY P. LANDRY; MICHAEL G. STAG; CULLEN ADAIR TONRY; PETER MARION MEISNER; J. WAYNE MUMPHREY; L. ERIC WILLIAMS, JR.,

Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4206

No. 10-30231

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The appellants, Daniel and Robert Becnel, are plaintiffs' counsel for several dozen plaintiffs (out of approximately 2,500 in total) in the underlying consolidated litigation. The Becnels appeal the district court's apportionment of attorneys' fees among the plaintiffs' attorneys. They argue that the district court abused its discretion by failing to consider the factors prescribed in *Johnson v. Georgia Highway Express*, 488 F.2d 713, 717–19 (5th Cir. 1974). *See In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1021 (5th Cir. 1977) (holding that a district court presiding over a non-class, consolidated lawsuit must consider the *Johnson* factors when exercising its inherent equitable power to apportion attorneys' fees from a fund created by the litigation).

At oral argument, however, the Becnels conceded that we do not have jurisdiction over this appeal. We agree. Under the fee-apportionment plan approved by the district court, the Becnels' right to collect attorneys' fees was contingent on the settlement of their clients' claims in the underlying litigation. At the time of the filing of the notice of appeal, none of the Becnels' clients' claims had been formally settled, and the district court had not entered a final judgment covering any of those claims. Accordingly, the notice of appeal was premature. *See Dandar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988) ("Denials and awards of attorney's fees may be appealed separately as final orders *after* a final determination of liability on the merits." (emphasis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 10-30231

added)); *Shipes v. Trinity Indus., Inc.*, 883 F.2d 339, 342 (5th Cir. 1989) (holding that to be eligible for interlocutory appeal under the *Cohen* collateral-order doctrine, an interim attorney-fee order must, *inter alia*, "resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." (citation omitted)).

Accordingly, IT IS ORDERED that the appeal is DISMISSED. IT IS FURTHER ORDERED that the motion of appellee Sidney Donecio Torres, III to dismiss is DENIED AS MOOT, the motion of appellee Sidney Donecio Torres, III for costs is DENIED AS MOOT, and the motion of appellee Sidney Donecio Torres, III for the award of attorneys' fees is DENIED.