# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11092
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2018

Lyle W. Cayce
Clerk

LONNIE KADE WELSH

      Plaintiff - Appellant

v.

TEXAS CIVIL COMMITMENT OFFICE; CORRECT CARE SOLUTIONS, L.L.C.; MARSHA MCLANE, Texas Civil Commitment Office Executive Director; CHRIS GREENWALD, Texas Civil Commitment Office Case Manager; SCOTT MCCRAW, Texas Civil Commitment Office Case Manager; AMANDA MERCER, Texas Civil Commitment Office Operations Monitor; RAYMOND PEREZ, Texas Civil Commitment Office Case Manager,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-83

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

    Lonnie Kade Welsh was civilly committed at the Texas Civil Commitment Center in Littlefield, Texas. Unhappy with the conditions (and

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11092

proceeding *pro se*) Welsh sued the Texas Civil Commitment Office (TCCO), Correct Care Solutions, LLC, and a host of TCCO employees.[1] The gravamen of Welsh's complaint related to access to certain medical procedures at the Texas Civil Commitment Center. Welsh asserted these grievances on behalf of herself and ten others, purporting to act as their counsel.[2]

The district court entered a final judgment pursuant to Rule 54(b). FED. R. CIV. P. 54(b). The judgment (1) dismissed Welsh's claims against the TCCO for lack of subject matter jurisdiction and (2) dismissed all claims by plaintiffs other than Welsh. The judgment made no mention of Correct Care Solutions or any of the TCCO employees.

We first address our appellate jurisdiction. With few exceptions, our jurisdiction is limited to review of final decisions of the district courts. 28 U.S.C. §§ 1291, 1292. Under Rule 54(b), we may review judgments dismissing one or more but fewer than all of the claims or parties only if the district court expressly certifies that its order is final as to those claims or parties. *See* FED. R. CIV. P. 54(b); *Dardar v. Lafourche Realty Co.,* 849 F.2d 955, 957 (5th Cir. 1988). Here, the district court entered final judgment with regard to the TCCO and the 10 other plaintiffs. There is no final judgment for the claims against Correct Care Solutions or the TCCO employees. Thus, we only have jurisdiction over Welsh's claims against the TCCO. We address those claims, and only those claims.

Although we "liberally construe" *pro se* filings and "apply less stringent standards" to *pro se* parties, Welsh must still comply with the principles of appellate procedure. *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir. 1995)

---

[1] Welsh made claims against TCCO employees Marsha McLane, Chris Greenwald, Scott McCraw, Amanda Mercer, and Raymond Perez.

[2] Welsh filed claims for William Scott, Freddie Schmidt, Carl Smith, Daniel Bocanegre, Jr., Curtis Adams, Lorne Clark, Alonzo May, Danny Ellis, Robert Conway, and Jo Ovalle. Only Welsh's claims are the subject of this appeal.

No. 17-11092

(citations omitted). An appellant must identify the rulings presented for review and his or her brief must contain "contentions and the reasons for them, with citation to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(6); 28(a)(8)(A). General arguments without citations to any error are insufficient to preserve issues for appeal. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987) (stating that failure to identify any error in district court's analysis is as if appellant had not appealed the judgment). Because Welsh fails to address the district court's reasoning or brief any other relevant issues, he has abandoned all issues on appeal.

The district court's judgment is AFFIRMED.