# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40325
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2018

Lyle W. Cayce
Clerk

AGGREKO, L.L.C.,

      Plaintiff

v.

CHARTIS SPECIALTY INSURANCE COMPANY, formerly known as
AIG Specialty Insurance Company,

      Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

INDIAN HARBOR INSURANCE COMPANY,

      Plaintiff - Appellant Cross-Appellee

v.

THE GRAY INSURANCE COMPANY,

      Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC 1:16-CV-297
USDC 1:17-CV-80

No. 18-40325

Before DENNIS, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:*

This appeal arises from the district court's order on cross motions for summary judgment in a multi-party, consolidated insurance dispute. Because the district court's order is not a final judgment under 28 U.S.C. § 1291, lacks certification as such under Rule 54(b), and because the parties have presented, and we have found, no applicable exception to our finality rule, we DISMISS for lack of jurisdiction.

The underlying litigation arises from the death of James Andrew Brenek II, an employee of Guichard Operating Company, LLC, when he was electrocuted by a generator designed, sold, and monitored by Aggreko, LLC. Brenek's family members brought claims against Aggreko in Texas state court individually and on behalf of Brenek's estate, alleging negligence, gross negligence, and strict liability. Guichard has two insurance policiespotentially implicated by the Brenek lawsuit—one provided by Gray Insurance Company, and one by Chartis Specialty Insurance Company. Gray acceded to Aggreko's demand that it provide defense and indemnity to Aggreko under the policy's additional insured endorsement, while Chartis refused to do so. After learning of Chartis's refusal to defend it, Aggreko filed one of the two actions consolidated below, seeking declaratory judgment against Chartis.

Gray, which continued to defend Aggreko in the Brenek lawsuit, eventually paid out $1 million pursuant to two separate agreements with the Brenek plaintiffs. Gray thereafter notified Aggreko and Aggreko's insurer, Indian Harbor Insurance Company, that, having reached its policy limit in the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40325

Brenek lawsuit, it was withdrawing its defense of Aggreko in that action. Indian Harbor responded by filing the second of the two actions consolidated below, seeking declaratory judgment against Gray. Thereafter, Chartis filed a counterclaim against Aggreko, a cross-claim against Indian Harbor, and sought leave to file a third-party complaint against non-party XL Insurance Company, SE.

Gray filed a motion for summary judgment seeking a declaration that it had exhausted its policy limit and therefore had no further duty to defend Aggreko in the Brenek lawsuit. Indian Harbor filed a cross-motion for summary judgment seeking a determination that Gray had a continuing duty to defend Aggreko in the Brenek lawsuit and was liable to Indian Harbor for defense costs Indian Harbor incurred after Gray's withdrawal. The district court granted summary judgment in favor of Gray and denied Indian Harbor's motion, except to the extent it found Texas law governs the action, as Indian Harbor argued. The district court, although it granted Gray's motion, did not dismiss, or otherwise enter judgment on, the claims against Gray. Indian Harbor appeals this ruling, and Gray cross-appeals with respect to the district court's determination that Texas law governs.

The parties agree that we have jurisdiction over this appeal, but we must sua sponte examine the basis of our own jurisdiction when necessary. *Trent v. Wade*, 776 F.3d 368, 387 (5th Cir. 2015). The parties contend that the district court's amended memorandum and order in which it disposed of the cross-motions for summary judgment constituted a final order, citing 28 U.S.C. § 1291. Under § 1291, "[a]n order is final and appealable when it ends the litigation and leaves nothing for the court to do but execute the judgment." *Elizondo v. Green*, 671 F.3d 506, 509 (5th Cir. 2012). A disposition with respect to some, but not all, claims or parties "is not a final appealable judgment unless, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the

3

district court concludes that there is no justification for delaying an appeal and specifically directs entry of judgment." *Id.*; *see also Dardar v. Lafourche Realty Co., Inc.*, 849 F.2d 955, 957 (5th Cir. 1988) (noting our jurisdiction over an "appeal where the district court has certified the question as final pursuant to . . . Rule 54(b)"). Where "the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b), nothing else is required to make the order appealable." *Kelly v. Lees Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir.1990) (en banc).

The disposition on summary judgment below did not end the litigation, as it resolved only some claims between some parties, and did not expressly result in the dismissal or entry of relief with respect to any parties' claims. It also did not "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" and "expressly determine[] that there is no just reason for delay." FED. R. CIV. P. 54(b). The amended memorandum and order disposing of the cross-motions for summary judgment, on which the notices of appeal in this case are based, did not exhibit any intent that it be final, much less the "unmistakable intent" required by our case law. *See Kelly*, 908 F.2d at 1220. "We can look nowhere else to find such intent, nor can we speculate on the thought process of the district [court]." *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enterprises, Inc.*, 170 F.3d 536, 539 (5th Cir. 1999). The district court's order on the motions for summary judgment was therefore not final for purposes of appellate jurisdiction.

For these reasons, the appeal is DISMISSED for lack of appellate jurisdiction.