# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41223

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2019

Lyle W. Cayce
Clerk

PHILLIP DAVID HASKETT,

> Plaintiff - Appellant

v.

WESTERN LAND SERVICES, INCORPORATED,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-281

Before CLEMENT, OWEN, and HO, Circuit Judges.

PER CURIAM:*

Phillip David Haskett appeals the district court's denial of a motion for relief from a final judgment under Rule 60(b) and (d) of the Federal Rules of Civil Procedure. We find no abuse of discretion, and therefore, we affirm.

I.

Haskett, a resident of Texas, sued Continental Land Resources, L.L.C. ("Continental"), Purple Land Management Corporation ("PLMC"), Western

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41223

Land Services, Inc. ("Western"), nine Unknown Clients, and nine "Jon Doughs," alleging violations of the Age Discrimination in Employment Act ("ADEA").  Continental, Western, and PLMC moved to dismiss under 12(b)(6) for failure to state a claim, and Western also moved to dismiss under 12(b)(2) and (3) for lack of personal jurisdiction and improper venue.  The district court granted the motions and dismissed Haskett's complaint against all the named defendants.  On appeal, we concluded that because Haskett did not challenge Western's dismissal, Haskett abandoned his claims against Western.  *See Haskett v. Cont'l Land Res., L.L.C.*, 668 F. App'x 133, 133–34 (5th Cir. 2016) (per curiam).  However, we vacated the lower court's dismissal of Haskett's claims against Continental and PLMC.  *Id.* at 135.

After the appeal, Haskett filed a motion for relief from the district court's dismissal of claims against Western pursuant to Rules 60(b)(2)–(3), and 60(d)(1), (3).  Haskett alleged that Western maintained a physical presence in Texas at the time that Western claimed the court did not have personal jurisdiction.  Haskett cited a tax form submitted by Western, which showed that Western had a physical office in Austin.  Haskett contends that the tax form was not previously discoverable, because the form was not filed until after the district court dismissed Haskett's complaint.

Western opposed the Rule 60 motion, arguing that any claim for relief under Rule 60(b)(2) or (3) was untimely.  Western also argued that Haskett never addressed an entitlement for relief under Rule 60(d)(1) or (3), and that Haskett's allegations do not sufficiently support a request for relief under Rule 60(d).

The district court heard oral argument on Haskett's Rule 60 motion.  At the hearing, Western's counsel stated that a Western employee moved to Austin after Western filed its motion to dismiss.  Western's counsel also stated

No. 17-41223

that Western leased office space in January 2015 for the employee, but the office space remained vacant, because the Western employee immediately left Western to work elsewhere. The district court denied Haskett's Rule 60 motion and entered final judgment dismissing the claims against Continental and PLMC later that year. Thereafter, Haskett filed this notice of appeal.

On appeal, Haskett argues that the district court erred when it denied his Rule 60 motion. Western contends that the district court did not abuse its discretion in denying Haskett's Rule 60 motion and that the Rule 60 motion was untimely. Western also argues that the appeal is untimely and that the mandate rule and the law-of-the-case doctrine precluded the district court from granting Haskett's relief from the previous judgment of dismissal that was affirmed by this court.

## II.

We may exercise jurisdiction over an appeal from final orders, certain interlocutory appeals, and "appeal[s] where the district court has certified the question as final pursuant to Federal Rule 54(b)." *See Dardar v. Lafourche Realty Co., Inc.*, 849 F.2d 955, 957 (citing 28 U.S.C. §§ 1291, 1292(a)(1), 1292(b); FED R. CIV. P. 54(b)). An order denying a Rule 60 motion as to a subset of multiple defendants is not final unless the court expressly directs entry of final judgment as to that subset. FED. R. CIV. P. 54(b). When the district court denied Haskett's Rule 60 motion against Western, it did not expressly enter a final judgment, and the claims against Continental and PLMC were still pending. Therefore, the order dismissing Rule 60 relief against Western was not final until the court entered a final judgment against Continental and PLMC, which occurred on November 7, 2017. An appeal must be filed within 30 days after the entry of a judgment. FED. R. APP. P. 4(a)(1)(A). Haskett filed

No. 17-41223

his notice of appeal on December 4, 2017.  Accordingly, Haskett's appeal is timely.

## III.

Western argues that the mandate rule and the law-of-the-case doctrine preclude the court from granting relief from the judgment, based on this court's prior affirmance.  Because Haskett's claims are rejected on the merits, we decline to address this issue.  *See Becker v. Tidewater, Inc.*, 586 F.3d 358, 368 n.8 (5th Cir. 2009).

## IV.

We review the denial of a Rule 60 motion for abuse of discretion.[1]  *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989) (per curiam) (citing *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 653 (5th Cir. 1985)).  We find no abuse of discretion.

## A.

Under Rule 60(b)(2), a court may grant relief to a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  FED. R. CIV. P. 60(b)(2).  To succeed under Rule 60(b)(2), "a movant must demonstrate:  (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment."  *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003) (citing *Provident Life & Accidental Ins. Co. v. Goel*, 274 F.3d 984, 999 (5th Cir. 2001)).  Under Rule 60(b)(3), a court may grant relief based on "fraud (whether previously

---

[1] Rule 60(d)(3) contains the "fraud on the court" provision, which was previously provided in Rule 60(b) before its 2007 revision.  The change was stylistic only.  *See* FED. R. CIV. P. 60, Advisory Committee Notes, 2007 Amendments.

called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3).

The district court found that the documents upon which Haskett relied showed only that Western had an interest in taxable personal property in Texas. Because Haskett failed to show continuous and systematic contacts with the forum state, the district court concluded that the court did not have general jurisdiction over Western.

Additionally, the district court concluded that it did not have specific jurisdiction over Western. To determine specific jurisdiction, the court applies a three-step analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). The district court concluded that jurisdiction fails under the second step, because there is no allegation or evidence to show that Western's alleged presence in Travis County, Texas in 2015 is related to Haskett's claim that Western wrongfully discriminated against him.

The evidence would not clearly have produced a different result. Even though Western had a property interest in Texas, the property interest is not sufficient to confer jurisdiction. Western cannot be "fairly regarded at home" in a state in which it leased a vacant office for a few months for an employee that never occupied the office space. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231,

No. 17-41223

234 (5th Cir. 2016) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).    Moreover, there is nothing to indicate that Western's interest in vacant property had any relation to Haskett's ADEA claim.    Consequently, the district court did not abuse its discretion when it denied Haskett's Rule 60(b) claims on the merits.

Furthermore, "[a] motion under Rule 60(b) must be made within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).    The original order was entered on March 27, 2015, and Haskett did not move for Rule 60 relief until October 11, 2016—well after the year-long deadline established by Rule 54(b).    Therefore, the district court did not abuse its discretion when it denied Haskett's untimely motion.

B.

Under Rule 60(d), a court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).    Plaintiffs have the burden to establish that there was fraud on the court by clear and convincing evidence.  *Kinnear-Weed Corp. v. Humble Oil & Ref. Co.*, 441 F.2d 631, 636 (5th Cir. 1971) (collecting authorities).  A fraud-on-the-court claim is "not subject to any time limitation." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337–38 (5th Cir. 1978).  Establishing fraud on the court requires proving "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated."  *Id.* (quotation omitted).

Haskett fails to meet his burden.  It is a "well-settled rule that the mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment under Rule 60(b)."  *Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir. 1980) (collecting

authorities).  Haskett does not establish by clear and convincing evidence that Western's counsel concealed any information that would raise counsel's nondisclosure to the level of fraud on the court.  Haskett only shows that Western possessed a property interest to vacant office space in Texas in 2015.  This does not constitute "the most egregious misconduct" required to establish fraud on the court.  Therefore, because Haskett did not meet his burden, we find no abuse of discretion.

V.

We conclude that the district court did not abuse its discretion in denying relief under Rule 60.  Accordingly, we affirm.