# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2022

Lyle W. Cayce
Clerk

No. 21-11094
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-54-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Christopher Williams, federal prisoner # 35731-177, appeals the district court's order denying his motion to compel defense counsel to surrender his case file regarding his conviction, after a jury trial, of possessing a controlled substance, possessing with the intent to distribute more than five

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

grams of crack cocaine, unlawfully possessing a firearm in connection with a drug-trafficking offense, and being a felon in possession of a firearm. Williams stated that he sought his case files in order to prepare a motion to vacate under 28 U.S.C. § 2255.

We must first examine the basis of our jurisdiction to hear this appeal. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We may only exercise jurisdiction over final orders and certain interlocutory orders. *See* 28 U.S.C. §§ 1291, 1292; *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988). Discovery orders generally are not appealable. *Goodman v. Harris Cnty.*, 443 F.3d 464, 467 (5th Cir. 2006). Here, because the district court's order denying Williams's motion to compel is neither a final order nor an appealable interlocutory or collateral order, we lack jurisdiction to consider his appeal from that order. *See Dardar*, 849 F.2d at 957.

Williams's pro se brief suggests that he seeks authorization to file a successive § 2255 motion. In order to do so, Williams must first show that his proposed claims were not raised in a prior § 2255 motion. *See* 28 U.S.C. § 2244(b)(1); § 2255(h). He also must make a prima facie showing that the claims rely on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(1)-(2); *see* § 2244(b)(3)(C). Williams has not made such a showing.

Accordingly, IT IS ORDERED that the appeal is DISMISSED. Williams's motion for authorization to file a successive § 2255 motion and his motion for appointment of counsel are DENIED.